## 6623. LAMB, receiver, *v.* MOOR.

1. The designation of the route by which the shipper desired the shipment to move was sufficiently made.
2. A recovery of damages on account of the carrier's substitution of a different route from that designated by the shipper was authorized by the evidence; and there was no error in refusing a new trial.

DECIDED JANUARY 28, 1916.

Action for damages; from city court of Waycross—Judge Mc-Donald. April 30, 1915.

*Bolling Whitfield, J. L. Sweat,* for plaintiff in error.

*Parks & Reed,* contra.

WADE, J. While this was an interstate shipment, controlled by the "act to regulate commerce," known as the Hepburn act, it nowhere appears that between the point of delivery for shipment and the point of destination two or more through routes and through rates had been established, to which through routes and through rates the defendant was a party, and the designation by the shipper in writing of the route by which the property should be transported to destination was not required by section 15 of that act, and was not essential, to create a liability on the part of the carrier for moving the shipment by a different route from the one selected by the shipper and contrary to his oral instructions.

Besides, at the time the shipment was accepted, the shipper gave direction in writing as to the route by which the shipment should move, the route being written on the carrier's receipt, and the fact that the conductor who issued the receipt erased this part of the writing, after the carrier had obtained complete possession of the shipment and the movement of the same had commenced, would not relieve the carrier from the obligation to conform thereto.

There was testimony from the shipper, who qualified as an expert, that in his opinion (based on the facts disclosed in reference to the first icing of the car of peaches, and the delay in the arrival of the car at destination, caused by the selection of the longer route by the carrier in defiance of the instructions given by the shipper) the shipment, judging from its condition when it arrived at Philadelphia a day later, was in a damaged condition when it reached Potomac Yards, Virginia, the destination fixed

by contract, and testimony tending to show that the market price at Philadelphia was in fact the market price at destination. The value of expert testimony is entirely for the jury, who may accept or reject it as they think proper, and a verdict so supported can not be said to be wholly without evidence to sustain it.

Where it appears that the proximate cause of damage to a shipment of fruit was delay in shipment due to the diversion by the carrier of the shipment from the route originally designated by the shipper, and that at the point of destination there was no market for fruit, but the sole purpose of transportation to that point was the distribution and forwarding of the fruit to such market as might at the time of the arrival of the fruit afford the best opportunity for its advantageous disposal and be the most available and nearest *actual* market, and it further appears that there was no unreasonable delay on the part of the shipper in forwarding the shipment (which had been delayed by the act of the carrier in reaching its original destination) from the point designated by the contract of affreightment to the most available market, the measure of damages would be the difference between the market price at such most available market and the price actually received for the shipment in its damaged condition. This is especially true where there is no evidence tending to show that the fruit, with proper icing, would not have arrived at the point of most available sale in marketable condition, but for the delay caused by the carrier in diverting the shipment by a route which required a longer time and on which the icing was insufficient. It would be the duty of the shipper, under such circumstances, to diminish the resulting damages as far as possible.

Such of the assignments of error insisted upon in the brief of counsel for plaintiff in error as are not dealt with above are without substantial merit. The evidence sufficiently authorized the verdict, and the trial judge did not err in overruling the motion for a new trial. *Judgment affirmed.*